09-4617-cv
Hogan v. Buttofocco

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of May, two thousand ten.

PRESENT:
   DENNIS JACOBS,
    *Chief Judge,*
   ROGER J. MINER,
   RICHARD C. WESLEY,
    *Circuit Judges.*

_____

Robert Lawrence Hogan, Jr.,

   *Plaintiff-Appellant,*

   v.          09-4617-cv

Anthony Buttofocco, individually and as a Police Officer for the Village of Green Island, David Smith, individually and as a Police Officer for the Village of Green Island, Chris Parker, individually and as Sargent Officer for the Village of Green Island, John Nardone,

individually and as Chief Police Officer
for the Village of Green Island, Ellen
McNulty Ryan, as the Mayor of Green
Island, a Municipality, Jeffery Dorrance,
individually and as Village Justice for
the Village of Green Island, Mary/Molly
Maguilli, individually and as the Albany
County Assistant District Attorney, the
Village of Green Island, a Municipality,

*Defendants-Appellees.*

FOR APPELLANT:          Robert Lawrence Hogan, Jr., *pro se*,
                        Green Island, NY.

FOR APPELLEE:           Gabrielle Mardany Hope, Smith,
                        Sovik, Kendrick & Sugnet, P.C.,
                        Syracuse, NY.


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**
**AND DECREED** that the judgment of the district court is
**AFFIRMED.**

Appellant Robert Lawrence Hogan, Jr., *pro se*, appeals
from the judgment of the United States District Court for
the Northern District of New York (Mordue, *C.J.*), granting
summary judgment in favor of Appellees in Appellant's 42
U.S.C. § 1983 action.  We assume the parties' familiarity
with the underlying facts, the procedural history of the
case, and the issues on appeal.

Appellant identified only the September 2009 grant of
summary judgment in his notice of appeal.  We therefore lack

2

jurisdiction to review the district court's August 2007 *sua sponte* partial dismissal of the complaint. *See* Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed."); *see also New Phone Co. v. City of N.Y.*, 498 F.3d 127, 130 (2d Cir. 2007) (per curiam) (holding that this Court's jurisdiction "depends on whether the intent to appeal from that decision is clear on the face of, or can be inferred from, the notice[] of appeal").

We review an order granting summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The standard is the same in reviewing an order granting an unopposed motion for summary judgment. *See Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).[1]

A warrantless entry into a suspect's home violates the

---

[1] Appellant claims on appeal that he timely mailed a cross-motion for summary judgment to the district court and Appellees' counsel. However, no one received it, Appellant has submitted no proof of mailing, and Appellant did not contest when Appellees told the district court that Appellant had failed to oppose summary judgment.

Fourth Amendment unless exigent circumstances justify the entry. *See Payton v. New York*, 445 U.S. 573, 586 & n.25 (1980). The police here had reason to believe that Appellant was in the middle of a violent altercation with his girlfriend, who was still in the house with Appellant, along with their daughter. Additionally, the officers had been informed that Appellant had brandished a hammer toward his son, and there was probable cause, based on his son's 911 call and statement to police at the scene, to believe that Appellant had committed a crime. Furthermore, the officers knew that Appellant was still on the premises, although there was no specific indication that he would escape. The totality of the circumstances supports the finding that exigent circumstances existed to justify the warrantless entry into Appellant's home.

As to Appellant's remaining claims, we conclude, for substantially the same reasons stated by the district court, that: (1) sufficient evidence of probable cause existed to defeat Appellant's claims of false arrest and malicious prosecution; (2) Appellant failed to demonstrate any personal involvement by defendants Nardone and Smith; and (3) Appellant failed to demonstrate the existence of any

unconstitutional policy that would support a claim of municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-91 (1978).

Finally, Appellant's claims of excessive force and intentional infliction of emotional distress are not raised on appeal, and we decline to consider them.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that issues not raised in a *pro se* litigant's appellate brief are waived).

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5